ESTATE OF NANCY H. MILLER, DECEASED, WALTER FADER, JR., EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Miller v. Commissioner
Docket No. 16513-92
United States Tax Court
T.C. Memo 1994-25; 1994 Tax Ct. Memo LEXIS 28; 67 T.C.M. (CCH) 1994; January 24, 1994, Filed *28 For petitioner: Walter Fader, Jr.
For respondent: Donna F. Herbert. GERBER
GERBER
MEMORANDUM OPINION GERBER, Judge: Petitioner, by a motion filed November 29, 1993, moved to vacate or revise a stipulated or agreed decision entered October 29, 1993. Petitioner does not seek our reconsideration of the merits because the decision reflecting a 1988 income tax deficiency was entered in accord with the agreement of the parties. Instead, petitioner contends that the settlement was entered into under a "mistaken belief * * * that there was tax due and owing." Rule 162 of this Court's Rules of Practice and Procedure permits the filing (without leave of the Court) of motions to vacate and revise a decision within 30 days. In this regard, petitioner's motion was timely filed. This Court's Rules, however, do not provide precepts for vacating or revising a decision. Traditionally, we have looked to the Federal Rules of Civil Procedure for guidance where our rules are silent. Rule 1(a) of this Court's Rules of Practice and Procedure; . Rule 60 [1] provides for relief from a judgment *29 or order. More specifically, Rule 60(b) concerns a number of situations involving mistakes, inadvertence, neglect, newly discovered evidence, fraud, etc. Accordingly, we must consider petitioner's specific claim to determine whether Rule 60(b) provides any guidance in this matter. Petitioner alleges the following facts in support of the motion to vacate the decision in this case: (1) That the executor agreed to settle this controversy under the mistaken belief that the decedent had realized proceeds from the sale of her residence during 1988. (2) Since entering into the settlement (agreed decision executed by executor October 14, 1993), the executor contends that certain facts had been "surreptitiously covered up" and not available to him. (3) According to the executor, these facts reveal that the decedent sold her residence to her nephew in 1986 and claimed a one-time exclusion of sale proceeds on her 1986 Federal income *30 tax return. The nephew did not want the sale to be known to the State of California for fear of additional real property taxes being assessed in accord with the so-called Proposition 13. Accordingly, the nephew and his wife's names were merely added to the title of the realty in 1986, and there was no recording of a deed transferring the property during 1986. (4) The property was sold in 1988 to an unrelated third party and decedent reported the sale on her 1988 Federal income tax return, again claiming the one-time exclusion. The executor believes that decedent's nephew received the proceeds of this sale. (5) The executor contends the nephew was the true owner and that the tax burden on the 1988 sale should fall on the nephew rather than petitioner. Respondent objects to the granting of petitioner's motion arguing that the executor has not shown that the alleged facts were not available to him, and if available whether the alleged facts can be supported by documentary evidence. For example, respondent notes that petitioner could have supplied documents showing the various deeds, titles, etc. Finally, respondent notes that she will be prejudiced because the facts as reported *31 by petitioner were relied upon to resolve this matter, and, in the interim, the period for assessment would have passed with respect to the nephew. Rule 60(b) in pertinent part, permits discretion to relieve a party from a final judgment for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); * * * (6) any other reason justifying relief from the operation of the judgment." Relief under the catch-all language of Rule 60(b)(6) is available for reasons other than those specifically designated in subparts 60(b)(1) through (5). . Additionally, a motion for reconsideration under Rule 60(b)(6), requires a showing of extraordinary circumstances not related to inadvertence or neglect already covered in Rule 60(b)(1). Petitioner's motion specifically addresses a Rule 60(b)(1) or (2) situation, and other extraordinary circumstances that could be considered under Rule 60(b)(6) are not asserted here. Although "Rule 60(b) motions should be liberally *32 construed to see that cases are tried on the merits and to dispense with 'technical procedural problems' * * *, 'there is a compelling interest in the finality of judgments which should not be lightly disregarded.'" (quoting . Here, the executor claims that the information concerning the nephew's alleged ownership came to his attention between the time of settlement (October 14, 1993) and the time of the motion (November 29, 1993). It should be noted, however, that decedent's accountant, in a June 2, 1992, letter addressed to the Internal Revenue Service, which was attached to the document filed as a Petition in this case, states that claim for the exemption was mistakenly filed with decedent's 1986 return because "Her former tax preparer generated the form on his computer and mistakenly included the form in her 1986 tax return." The letter also stated that a new preparer filed an amended return for 1986 withdrawing the claim for the exemption. Finally, the same letter contains the explanation *33 that for decedent's 1988 tax year the $ 125,000 one-time exemption covered the $ 124,020 gain realized on the sale of decedent's residence. In a subsequent Amended Petition signed by the executor, the same facts were reiterated. Accordingly, the executor here had ample time to determine the factual circumstances surrounding the reporting of the sale in both 1986 and 1988. Further, if the executor's new position is correct, he allowed his allegations that 1988 was the correct year to represent his position even though he had not checked the deeds, titles, etc., prior to making those allegations. We find that these circumstances fall short of the standard of due diligence and excusable neglect. Moreover, we find the executor's allegations to be somewhat incongruous in that it is alleged that these facts were "surreptitiously" kept from the executor, even though he was aware that exemption claims were made for both 1986 and 1988. In summary, we do not find this situation to represent the type of "excusable neglect" envisioned in Rule 60(b). Finally, it would also prejudice respondent to grant petitioner's motion. Therefore, petitioner's Motion to Vacate or Revise Decision will *34 be denied. An appropriate order will be issued. Footnotes
1. Unless otherwise noted, rule references are to the Federal Rules of Civil Procedure.↩